{¶ 49} I disagree with the way that the majority analyzes the treble damages and attorney fees issues, but nevertheless agree with the ultimate judgment affirming the trial court. The harm in this case was occasioned by the dealer and/or manufacturer, not the assignee. I agree with the reasoning expressed in Hardeman
that where liability is imposed derivatively against a lender under the FTC holder rule, it is not based on the lender's own misconduct and/or reprehensible action and because punitive damages are assessed to punish conscious wrongdoing, an award of treble damages under R.C. 1345.09 against a culpable party may not be imposed derivatively under Section 433.2, Title 16, CFR. Likewise, attorney fees available to plaintiff under R.C.1345.09, against a supplier who knowingly violates the CSPA would be inappropriate against a lender/assignee who is neither the supplier nor an entity that solicited the consumer transaction. The assignee, Firstar Bank, should not be held liable for attorney fees specifically designed to insure the supplier compensates the consumer for litigation costs necessitated by the suppliers own statutory or common law infractions.
 {¶ 50} According to FTC commentary, the purpose of the Holder in Due Course rule is to preserve a consumer's claim "to defeat or diminish the right of a creditor to be paid." Guideline on Trade Regulations/Rule Concerning Preservation of Consumer's Claims on Defenses, 41 Fed. Reg. 20, 023-024 (1975). This does not demonstrate an intent to create a right to recovery of treble damage and attorney fees against an otherwise innocent lender.